IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re: | : |
| | : |
| David S. Pierce | : CASE NO. 11-80296 |
| and Nancy A. Pierce, | : |
| | : CHAPTER 13 PROCEEDING |
| | : |
| Debtors. | : |
| | : |

**CREDITOR FIRST AMERICAN CAPITAL V, LLC'S RESPONSES TO DEBTOR'S FIRST SET OF REQUSTS FOR PRODUCTION OF DOCUMENTS, QUALIFIED WRITTEN REQUEST, AND NOTIFICATION REQUESTING A PAYOFF**

COMES NOW First American Capital V, LLC ("Creditor) and responds to Debtors' First Request for Production as follows:

<u>GENERAL OBJECTIONS</u>

Creditor objects to all of the Requests interposed by Debtors as follows:

1. Creditor objects to all Requests to the extent that they seek to obtain documents, which are covered by the attorney-client privilege.

2. Creditor objects to all Requests to the extent that they seek to obtain documents which are the work product of Creditor or Creditor's attorneys or which were prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) without a showing that Debtors had a substantial need of the materials in the preparation of his case and without a showing that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means.

3. Creditor objects to all Requests to the extent that they seek to obtain documents which will not be admissible at trial and which will not provide information, which is reasonably calculated to lead to the discovery of admissible evidence.

4. Creditor objects to all Requests to the extent that they seek to obtain documents, which will disclose the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Creditor concerning this litigation.

5. Creditor objects to all Requests to the extent that they seek to obtain documents, which are not relevant to the subject matter involved in the above-styled civil action.

6.  Creditor reserves the right to supplement or amend these responses.

## RESPONSES

Without waiving the above-referenced objections with respect to each of the following responses, Creditor hereby responds to each of the specifically enumerated Requests as follows:

REQUEST NO 1.    Payoff Statement, as of the date 30 days from the date of this request, including:

a) The date on which the payoff statement was prepared;
b) The current amount need to pay-off the loan in full, including the amount by type of each fee, charge or other sum included within the payoff statement;
c) The information reasonably necessary to calculate the payoff amount as of the requested payoff date, including the per diem interest amount;
d) The payment cutoff time, if any;
e) The address or place where payment must be made;
f) Any limitations as to the authorized method of payment; and
g) The amount of fees, if any, authorized under N.C.G.S. § 45-36.7 not otherwise included in this payoff statement.

RESPONSE TO REQUEST NO. 1    Creditor incorporates all of its General Objections in its response to this Request. Without waiving these objections, Creditor responds as follows:

Creditor will provide copies of the appropriate documentation in its possession and not privileged in response to this Request.

REQUEST NO. 2    Verification of Debt, as of the date of this request, including, without limitation:

a) An itemization of the amount of the debt;
b) The name of the consumer;
c) A statement that the debt has not been paid; and
d) A statement that the creditor to whom the debt was originally owed, in consideration of the consumer's debt, had either delivered a merchantable product or properly rendered a service.

RESPONSE TO REQUEST NO. 2    Creditor incorporates all of its General Objections in its response to this Request. Without waiving these objections, Creditor responds as follows:

Creditor will provide copies of the appropriate documentation in its possession and not privileged in response to this Request.

REQUEST NO. 3 Payment History: A complete and itemized statement of the loan history from the date of the origination of the loan to the date of this request, including, but not limited to:

a. Charges and Debits: Each and every monetary amount by which you charged to or debited to any and all of Debtors' account with you, whether concerning principal, interest, late charges, appraisal fees, insurance, taxes, foreclosure fees, attorney fees, *legal* costs, property inspections, property preservation, NSF check charges, escrow, appraisal or otherwise, including:

  i. Requested Information for all charges and debits:

   1) The date of each and every charge or debit;
   2) The amount of each and every charge or debit;
   3) The resulting principal balance due and owing on the account;
   4) The nature and purpose of each such charge or debit;
   5) Identification of the provision under the Deed of Trust and/or note that authorizes charging each and every such fee against the loan of the Debtors;
   6) The name, address and telephone number of the payee or any type of disbursement related to this account; and
   7) The actual amount paid to such payee.

  ii. Requested information for specific charges and debits:

   1) Attorneys Fees: A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this account.

   2) Escrow accounts: A complete and itemized statement from the date of the origination of the loan to the date of this request of any escrow accounts and expenses related thereto, related in any way to this loan, including:

      (a) Copies of any and all communications with the Debtors regarding such accounts;
      (b) The dates of any escrow analysis performed; and
      (c) The results of any such escrow analysis.

   3) Forced-Placed Insurance: A complete and itemized statement from the date of the origination of the loan to the date of this request of any forced-placed insurance and expenses related thereto, related in any way to this loan.

   4) Loan Modification/Forbearance/Satisfaction Fees: A complete and itemized statement from the date of the origination of the loan to the date of this request of any fees incurred to modify, extend, or amend the loan or to defer any payment due under the terms of the loan or satisfaction fees., including copies of all communications with the Debtors.

   5) Proof of Claim Fees: A complete and itemized statement of the amount, payment date, purpose and recipient of all fees, whether actually charged or merely assessed, for the preparation and filing of the original proof of claim, any amended proofs of claim, or any supplemental proofs of claim in this case.

6) Property Inspections: Please attach copies of all property inspection reports and appraisals.

7) Real Property Taxes: A complete and itemized statement from the date of the origination of the loan to the date of this request of any real property taxes paid by you and the expenses related thereto, related in any way to this loan.

8) Suspense Accounts: A complete and itemized statement from the date of the origination of the loan to the date of this request of any suspense account entries and/or any corporate advance entries related in any way to this loan, including, but not limited to, the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

b. Payments and Credits:

i. Each and every payment made by or on behalf of the Debtors to you from the date of the origination of the loan to the date of this request, including:

(l) The date of each and every payment;
(2) The amount of each and every payment; and
(3) The resulting principal balance due and owing on the account;
(4) The manner of payment, whether by personal check, money order, cashier's check, bank check or otherwise; and
(5) Any number or other information in your control that would further identify the payment, as for instance, and without limitation to the type of payment or type of information, check numbers, money order numbers, etc.

ii. Each and every amount, other than payments made by or on behalf of the Debtors, by which you credited the Debtors' account, from the date of the origination of the loan to the date of this request, including:

(1) The date of each and every payment;
(2) The amount of each and every payment; and
(3) The resulting principal balance due and owing on the account;
(4) The nature and purpose of each such payment.

<u>RESPONSE TO REQUEST NO. 3</u>  Creditor incorporates all of its General Objections in its response to this Request. Without waiving these objections, Creditor responds as follows:

Creditor objects to this Request on the grounds that providing the information would be unduly inconvenient, burdensome and expensive, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Creditor objects to these interrogatories on the ground that the discovery is unreasonably burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issue at stake. Notwithstanding the foregoing objections, Creditor will provide a payment history in response to this Request.

REQUEST NO. 4    The Bankruptcy Worksheet: The bankruptcy worksheet in an XLS Format prepared in this case by any of your employees, agents, or third-party providers of bankruptcy services. Notwithstanding the foregoing objections, Creditor will provide a its worksheet in response to this Request.

RESPONSE TO REQUEST NO. 4

Creditor objects to this Request because it seeks to obtain documents, which are covered by the attorney-work product doctrine, that will disclose the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Creditor prepared in anticipation of this litigation.

REQUEST NO. 5    Key or Dictionary: A legend and/or detailed explanation of all transaction codes and other similar terms used in the statements requested above sufficient to allow for a layman's full understanding of all the data provided.

RESPONSE TO REQUEST NO. 5

Creditor objects to this Request because it seeks to obtain documents, which are trade secrets and confidential. Moreover, a layman can read and understand Creditor's standard statement.

REQUEST NO. 6    Identification of Owner of the Obligation and Master Servicer: Identify the name, address, and telephone number of the current owner of the obligation and the Master Servicer of the obligation.

RESPONSE TO REQUEST NO. 6 Creditor incorporates all of its General Objections in its response to this Request.  In addition, Creditor objects to this Request because it is overly broad and unduly burdensome.  Without waiving these objections, Creditor responds as follows:

The current owner of the obligation is First American Capital V LLC; (914) 631-7191; 4817 Sixth Street, Boulder, Colorado 80304-0596. The obligation is being serviced by Statebridge; (720) 931-6221; 4600 S. Syracuse Street, Suite 700, Denver, Colorado 80237.

This 5th day of August, 2011.

/S/ Brian S. Tatum
**Brian S. Tatum,** NC State Bar No. 31974
Attorney for Creditor
Tatum Law Firm, PLLC
2101 Rexford Road, Suite 165 W
Charlotte NC 28211
(704) 307-4197

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re: | : |
| | : |
| **David S. Pierce** | : CASE NO. 11-80296 |
| and Nancy A. Pierce, | : |
| | : CHAPTER 13 PROCEEDING |
| | : |
| **Debtors.** | : |
| | : |

## CERTIFICATE OF SERVICE

The undersigned certifies that this day the pleading or paper to which this Certificate is affixed was served upon the person(s) listed below by mailing a copy of the same, properly addressed and postage prepaid via the United States Postal Service, unless otherwise stated.

David S. Pierce & Nancy A. Pierce
3503 Shady Creek Drive
Durham, NC 27713

Edward Boltz
Law Offices of John T. Orcutt, P.C.
6616-203 Six Forks Road
Raleigh, NC 27615

VIA ECF SERVICE ONLY
Richard M. Hutson, II
Chapter 13 Trustee
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702
office@c13dur.com

Respectfully submitted, this 5th day of August, 2011.

/s/ Brian S. Tatum
**Brian S. Tatum**, NC State Bar No. 31974
Attorney for Creditor
Tatum Law Firm, PLLC
2101 Rexford Road, Suite 165 W
Charlotte, NC 28211
(704) 307-4197